UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NATHANIEL BORDERS,**

    **Petitioner,**

v.                                           Case No. 8:17-cv-2823-T-35AAS

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent**.
_____/

# O R D E R

This cause is before the Court on Petitioner Nathaniel Borders's timely-filed *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1) Upon consideration of the petition, the response (Doc. 14) and the reply (Doc. 16), and in accordance with the *Rules Governing Section 2254 Cases in the United States District Courts*, it is **ORDERED** that Borders's petition is **DENIED**:

## PROCEDURAL HISTORY

Borders pleaded nolo contendere in case number 14-CF-00968 to one count of failure to register as a career offender. (Doc. 12 Ex. 3) He was sentenced to 62 months and 12 days in prison. (Doc. 12 Ex. 5) Borders did not appeal. Borders sought postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 12 Ex. 10 at 9-16) The state postconviction court denied his motion, and the state appellate court *per curiam* affirmed. (Doc. 12 Ex. 10 at 23; Ex. 13) Borders filed another postconviction motion, which the state court construed as a motion to correct illegal sentence under Rule

3.800(a). (Doc. 12 Ex. 15 at 32-40) The state court denied the motion. (Doc. 12 Ex. 15 at 69-70) The state appellate court *per curiam* affirmed the lower court's order. (Doc. 12 Ex. 18) Borders filed a second motion under Rule 3.850, which the state postconviction court denied. (Doc. 12 Ex. 20 at 65-72, 77) The state appellate court *per curiam* affirmed. (Doc. 12 Ex. 26)

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To meet this standard, a petitioner must demonstrate that the state court's adjudication of his federal claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2).

## DISCUSSION

**I.     Introduction**

In 1989, Borders was convicted in three state court cases and was sentenced as a habitual violent felony offender. (Doc. 12 Ex. 10 at 33-36; Ex. 15 at 41-42) Borders successfully sought resentencing in 1997. He was resentenced to time served in each case, and he was released from prison. (Doc. 12 Ex. 10 at 17-18) In 2002, the Florida Legislature passed the Florida Career Offender Registration Act, which imposes certain registration requirements on career offenders. A "career offender means any person who

is designated as a habitual violent felony offender, a violent career criminal, or a three-time violent felony offender under [§] 775.084 or as a prison releasee reoffender under [§] 775.082(9)." § 775.261(2)(a), Fla. Stat. A career offender's failure to comply with the registration requirements is a third degree felony. § 775.261(8)(a), Fla. Stat.

Borders was released from prison in 1997. He was later convicted on new charges and again released in 2012. (Doc. 12 Ex. 15 at 127) When he did not register in accord with the requirements of § 775.261 upon his release from prison in 2012, Borders was charged with failure to register as a career offender and was convicted and sentenced in state court in 2014. He challenges the 2014 judgment in this § 2254 petition.

## II.     Grounds One And Two

In Ground One, Borders argues that the trial court violated his federal due process rights in sentencing him for failure to register as a career offender. In Ground Two, Borders contends that the state trial court violated his constitutional rights by imposing an illegal sentence. In both grounds, Borders asserts that as a result of the 1997 resentencing for his habitual violent felony offender sentences, he did not qualify as a "career offender" and therefore was not subject to the registration requirements of § 775.261. The state court denied Borders's claims when it rejected his first Rule 3.850 motion and his construed Rule 3.800(a) motion. The state court concluded that the 1997 resentencing did not affect Borders's designation as a habitual violent felony offender. (Doc. 12 Ex. 10 at 23; Ex. 15 at 69-70).

The claims Borders raises in Grounds One and Two are not cognizable on federal habeas review. The resolution of Borders's claims turns on a question of state law—whether Borders meets the definition of a "career offender" as set out in § 775.261.

3

Because this question solely concerns the interpretation and application of state law, Borders's claims are not cognizable in this action. *See Wainwright v. Goode*, 464 U.S. 78, 83 (1983) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief."). The fact that Borders frames his arguments as invoking his federal rights does not impact cognizability. *See Branan*, 861 F.2d at 1508 ("This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1198 (5th Cir. 1976))). Borders has not presented a claim cognizable on § 2254 habeas review. Accordingly, Grounds One and Two afford Borders no relief.

**III.    Ground Three**

Borders contends that the trial court violated his federal due process rights and his rights under the *Ex Post Facto* Clause of the Federal Constitution in sentencing him. Borders contends that the Florida Career Offender Registration Act did not apply to him because the sentences used to qualify him under that Act were completed before the Act's 2002 enactment.

Borders raised this claim in his second Rule 3.850 motion for postconviction relief. The state court rejected this claim on a procedural ground (Doc. 12 Ex. 20 at 77):

> This is the second postconviction motion that the Defendant has filed in these cases[1] with the first motion denied in an order dated May 26, 2015. Defendant has failed to indicate why this claim could not have been raised when the previous claim was filed. . . . Additionally, the Court can deny Defendant's Motion on its merits.

Respondent contends that the state court's resolution of the claim on an independent and adequate state procedural ground results in a procedural default on federal habeas review. The Court agrees. A petitioner's failure to comply with state procedural rules governing proper presentation of a claim typically bars review of that claim in a federal habeas corpus proceeding. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (stating that a federal court "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998) ("A federal court must dismiss those claims that are procedurally barred under state law.").

A state court's procedural ruling constitutes an independent and adequate state rule of decision if (1) the last state court rendering a judgment in the case clearly and expressly states that it is relying on a state procedural rule to resolve the federal claim without reaching the merits of the claim; (2) the state court's decision rests solidly on state law grounds and is not intertwined with an interpretation of federal law; and (3) the state procedural rule is not applied in an "arbitrary or unprecedented fashion" or in a "manifestly

---

[1] Borders filed his Rule 3.850 motion in an additional state court case that is not the subject of this § 2254 petition.

unfair manner." *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001) (citing *Card v. Dugger*, 911 F.2d 1494 (11th Cir. 1990)).

Borders's claim was resolved through application of Florida's procedural bar on second or successive postconviction motions. The state appellate court affirmed the use of this procedural bar by its *per curiam* affirmance. *See, e.g., Harmon v. Barton*, 894 F.2d 1268, 1274 (11th Cir. 1990) (noting that a state appellate court's *per curiam* affirmance of the lower court's ruling explicitly based on a procedural default is a clear and express statement of its reliance on an independent and adequate state law ground barring federal review).

This procedural bar was not intertwined with an interpretation of federal law and was also "adequate" to support the state court's decision. To be considered adequate, a rule must be firmly established and regularly followed. *See Lee v. Kemna*, 534 U.S. 362, 376 (2002) ("[V]iolation of 'firmly established and regularly followed' state rules . . . will be adequate to foreclose review of a federal claim."). In Florida, a second or successive postconviction motion is an "extraordinary pleading." Fla. R. Crim. P. 3.850(h)(2). As that rule further states:

> [A] court may dismiss a second or successive motion . . . if new and different grounds are alleged, [and] the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion.

Florida decisions also address the rejection of successive postconviction motions. *See Owen v. State*, 854 So.2d 182, 187 (Fla. 2003) ("A second or successive motion for postconviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion. . . . [C]laims that could

6

have been raised in a prior postconviction motion are procedurally barred."); *Christopher v. State*, 489 So.2d 22, 24 (Fla. 1986) (recognizing that Rule 3.850 allows a court to summarily deny a successive postconviction motion that raises new grounds). Accordingly, the Eleventh Circuit Court of Appeals has recognized Florida's procedural rule prohibiting second or successive postconviction motions as an independent and adequate state procedural bar. *See Jennings v. McDonough*, 490 F.3d 1230, 1247-48 (11th Cir. 2007) (holding that a state court's determination that the petitioner's claims were procedurally barred by Florida's rule against successive postconviction motions was a state law ground independent of the federal question and adequate to support the state court's judgment, thereby rendering the claims procedurally defaulted on federal habeas review). Further, there is no indication that this procedural rule was applied to Borders in an "arbitrary or unprecedented fashion" or in a "manifestly unfair manner." *Judd*, 250 F.3d at 1313.

The state court's reliance on an independent and adequate state bar to dispose of Borders's claim results in a procedural default. As indicated in the postconviction order, the state court "additionally" considered the merits of Borders's postconviction motion. The state court found (Doc. 12 Ex. 20 at 77):

> Defendant was charged with, and sentenced for, Failure of a Career Criminal to Register in CF14-000968-XX. Defendant argues that Career Offender Registration does not apply to him. Defendant is mistaken. Per the letter from FDLE that the Defendant has attached to his motion as Exhibit A, Defendant was designated a Habitual Violent Felony Offender on June 21, 1989. Defendant was subsequently released from prison on that case. Defendant was incarcerated again in 1999 and 2008. When Defendant was released in 2012, he was required to register as a career offender per Fla. Stat. 775.261.

An alternative merits review does not negate the procedural bar. *See Alderman v. Zant*, 22 F.3d 1541, 1549 (11th Cir. 1994) ("[W]here a state court has ruled in the alternative, addressing both the independent state procedural ground and the merits of the federal claim, the federal court should apply the state procedural bar and decline to reach the merits of the claim.").

Therefore, the claim can only be considered if Borders meets either the cause and prejudice or the fundamental miscarriage of justice exception. *See Harris v. Reed*, 489 U.S. 255, 262 (1989) ("[A]n adequate and independent finding of procedural default will bar federal habeas review of the federal claim, unless the habeas petitioner can show" that one of these exceptions applies). Although afforded the opportunity to reply to the response, Borders does not contest Respondent's contention that his claim is procedurally defaulted and does not argue or demonstrate that an exception applies to overcome the default. Because the default of this claim is not excused, the claim is procedurally barred from federal habeas review. Ground Three warrants no relief.

Accordingly, it is **ORDERED** that Borders's petition (Doc. 1) is **DENIED**. The **CLERK** is directed to enter judgment against Borders and to **CLOSE** this case.

**CERTIFICATE OF APPEALABILITY
AND
LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**IT IS FURTHER ORDERED** that Borders is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. Section 2253(c)(2) limits the issuing of a certificate of appealability "only if the applicant has made a substantial showing of the denial of a

constitutional right." To merit a certificate of appealability, Borders must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because he fails to make this showing, Borders is not entitled to a certificate of appealability. Therefore, he is not entitled to appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed *in forma pauperis* on appeal is **DENIED**. Borders must obtain permission from the Circuit Court to appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida, on this 22nd day of October, 2020.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE